**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-2321**

───────────────

STACY CARABALLO, for herself and on behalf of all others
similarly situated,

              Plaintiff – Appellant,

        and

KELLY JACOBS,

              Plaintiff,

        v.

STEPHEN M. RUSSELL, SR.; BELL, DAVIS & PITT, P.A.,

              Defendants – Appellees,

        and

SHOREH BAGBEH; BLUE VIEW CORPORATION, d/b/a SB Classic,
Inc.; LOAN SERVICING GROUP LLC; K.H.F. LENDING, LLC; INSTANT
FUNDING, LLC; SCOTT WELLINGTON RUDOLPH,

              Defendants.

───────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Malcolm J. Howard,
Senior District Judge.  (7:10-cv-00122-H)

───────────────

Submitted:  May 31, 2013              Decided:  June 10, 2013

───────────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Christopher W. Livingston, White Oak, North Carolina, for Appellant. Gary S. Parsons, Whitney S. Waldenberg, TROUTMAN SANDERS L.L.P., Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacy Caraballo appeals the district court's order dismissing her claims under the Fair Debt Collection Practices Act and the North Carolina Collection Agency Act against Stephen M. Russell, Sr., and his law firm, Bell, Davis & Pitt, P.A. (collectively, "Attorney Defendants"). See Fed. R. Civ. P. 12(b)(6). We have carefully reviewed the parties' briefs and the joint appendix and find no legal or factual basis to call into question the district court's conclusion that the Attorney Defendants may not be held liable under either statute. Accordingly, we affirm for the reasons stated by the district court. Caraballo v. Russell, No. 7:10-cv-00122-H (E.D.N.C. Mar. 31, 2011).

Caraballo's counsel, Christopher Livingston, also appeals the district court's order imposing sanctions against him, the order and judgment denying his motion for reconsideration of the order imposing sanctions, and the amount of sanctions assessed. This court reviews the imposition of sanctions under Fed. R. Civ. P. 11 for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Morris v. Wachovia Sec., Inc., 448 F.3d 268, 277 (4th Cir. 2006). Sanctions may be imposed against attorneys who file pleadings that are not well grounded in fact or law or who file

3

pleadings for improper purposes such as harassment or delay. Cooter & Gell, 496 U.S. at 393; In re Kunstler, 914 F.2d 505, 513 (4th Cir. 1990). "The legal argument must have absolutely no chance of success under the existing precedent to contravene . . . [R]ule [11(b)(2)] . . . [and f]actual allegations fail to satisfy Rule 11(b)(3) when they are unsupported by any information obtained prior to filing." Morris, 448 F.3d at 277 (internal quotation marks omitted).

After carefully reviewing the record, we conclude that the district court did not abuse its discretion in determining that Livingston filed the case against the Attorney Defendants for improper purposes, or in concluding that the claims against the Attorney Defendants were without legal or factual support. The district court carefully considered the factors we outlined in Kunstler, and did not abuse its discretion in setting the amount of sanctions. 914 F.2d at 523. Accordingly, we affirm the district court's order imposing sanctions against Livingston, the order and judgment denying Livingston's motion for reconsideration of the court's order imposing sanctions, and the amount of sanctions. Caraballo v. Russell, No. 7:10-cv-00122-H (E.D.N.C. Aug. 9, 2011; June 14, 2012).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

AFFIRMED